OSCN Found Document:NEWLAND v. TAYLOR

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 NEWLAND v. TAYLOR
2016 OK 24
Case Number: 113928
Decided: 03/01/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 24, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

REBEKKAH NEWLAND, Plaintiff/Appellant,
v.
LAURA TAYLOR, Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
THE HONORABLE LYNNE McGUIRE, PRESIDING

ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S. Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our recent decision in Ramey v. Sutton, 2015 OK 79, 362 P.3d 217, disposes of the issues in this case.

¶3 In Ramey, we made clear our intent "to recognize those unmarried same sex couples who, prior to Bishop [Bishop v. Smith, 760 F.3d 1070 (10th Cir.), cert. denied, 574 U.S. _____, 135 S.Ct. 271, 190 L.Ed.2d 139 (2014)] and Obergefell,[Obergefell v. Hodges, 576 U.S. ____, 135 S.Ct. 2584, 192 L.Ed2d 609, (2014)] entered into committed relationships, engaged in family planning with the intent to parent jointly and then shared in those responsibilities after the child was born." Id. at ¶19.

¶4 Newland and Taylor engaged in a two year same sex relationship before discussing having a family and raising a child together. The couple was not legally able to marry in Oklahoma in 2003. The couple made arrangements for Taylor's artificial insemination. Taylor became pregnant. Newland was present at the delivery of their child.

¶5 The couple's romantic relationship ended approximately six months after delivery of their child. Taylor and Newland shared custody since the birth of their child. They have both held themselves out to the public as the parents of the minor child. Taylor prepared a baby book reflecting Newland as the other parent.

¶6 We find that the district court erred in granting the motion to dismiss, and that Fleming has standing to pursue a best interests of the child hearing.

¶7 IT IS THEREFORE ORDERED that the district court's order of dismissal is vacated, and the cause remanded to the district court for further proceedings.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29th DAY OF FEBRUARY, 2016.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2015 OK 79, 362 P.3d 217, RAMEY v. SUTTON
Discussed